IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**CLIVE N. MELHADO**

    Petitioner,


    vs.                              Civil Action 2:14-cv-402
                                      Judge Economus
                                      Magistrate Judge King

**WARDEN, MARION CORRECTIONAL INSTITUTION,**

    Respondent.


**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings this action for a writ of habeas corpus under 28 U.S.C. § 2254, seeking to challenge his 2002 conviction in the Franklin County Court of Common Pleas on charges of aggravated murder and aggravated robbery.  Petitioner has, on two prior occasions, presented challenges to his conviction in this Court. *Melhado v. Warden, Warren Correctional Institution*, 2:04-cv-1146, *Petition*, ECF 1; *Motion to File Second or Successive Habeas Petition*, ECF 22.

Before a second or successive petition for a writ of habeas corpus can be filed in a district court, a petitioner must ask the appropriate circuit court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A).  If a district court in the Sixth Circuit determines that a petition is a second or successive petition, *see In re Smith*, 690 F.3d 809 (6th Cir. 2012), that court must transfer the petition to

1

the United States Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997):

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.

The Sixth Circuit, in turn, will issue this certification only if the petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable fact finder would have found the applicant guilty. 28 U.S.C. 21 2244(b)(2).

  The first petition filed by petitioner in this Court was dismissed on the merits. 2:04-cv-1146, *Report and Recommendation*, ECF 10; *Order Adopting and Affirming the Report and Recommendation*, ECF 14. This Court and the United States Court of Appeals for the Sixth Circuit declined to issue a certificate of appealability from that judgment. *Id., Order*, ECF 20; *Order*, ECF 21. Petitioner's motion for leave to file a second or successive petition was transferred to the United States Court of Appeals for the Sixth Circuit. *Id., Order*, ECF 24. The Court of Appeals denied leave to file a second petition for a writ of habeas corpus. *Id., Order*, ECF 26. *See also In re: Clive Melhado*, Case No. 08-3259 (6th Cir. July 31, 2008).

Because the *Petition* presently before the Court is a successive petition within the meaning of 28 U.S.C. § 2244, the Court lacks jurisdiction to entertain the claims asserted in that *Petition* absent authorization by the United States Court of Appeals for the Sixth Circuit.

It is therefore **RECOMMENDED** that the *Petition,* ECF 1*,* be transferred to the United States Court of Appeals for the Sixth Circuit as a successive petition.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                              *s/Norah McCann King*
                                              Norah M<sup>c</sup>Cann King
April 30, 2014                     United States Magistrate Judge